```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

JOHN "TRACY" JOSEY,              §
                                 §
          Petitioner,            §
                                 §
v.                               §   Civil Action No. 4:14-CV-954-Y
                                 §
WILLIAM STEPHENS, Director,      §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §
```

**OPINION AND ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, John "Tracy" Josey, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, director of TDCJ, Respondent.

After having considered the pleadings, state-court records, and relief sought by Petitioner, the Court has concluded that the petition should be dismissed

## I.   FACTUAL AND PROCEDURAL HISTORY

TDCJ's website reflects that Petitioner is serving an enhanced sentence of 99 years for a 2011 conviction for evading arrest with a vehicle, a deadly weapon, in Wise County, Texas, Case No. CR15821. (TDCJ's Offender Information Details, *available at* http://www.tdcj.state.tx.us.) Petitioner appealed, but the Second Court of Appeals of Texas affirmed the trial court's judgment and

overruled Petitioner's motion for rehearing. *Josey v. State,* No. 02-11-513-CR, 2013 WL 4507646 (Tex. App.–Fort Worth Aug. 22, 2013). While the appeal was pending, Petitioner filed a petition for writ of mandamus requesting, in part, recusal of five appellate judges for bias. (Resp't's Mot., Ex. A, ECF No. 26-2.) The Second Court denied recusal and denied the petition for writ of mandamus. (*Id.* at 3-7.) *In re Josey,* No. 02-13-210-CV, 2013 WL 3247301, at *1 (Tex. App.–Fort Worth June 27, 2013). Petitioner then filed a petition for discretionary review in the Texas Supreme Court. (*Id.*, Ex. B, entry for Aug. 29, 2013.) While the petition was pending, Petitioner filed numerous motions, including a motion for judgment notwithstanding the verdict. (*Id.,* Docket Sheet & entry for Dec. 4, 2013.)

## II.  ISSUES

Although largely indecipherable, Petitioner raises four claims for relief:

    (1) "Judgment on . . . motion for judgment notwithstanding the verdict";

    (2) "Exceptional circumstances";

    (3) "Recusal challenge"; and

    (4) "Entrapment."

(Pet. at 6-7.) Respondent has filed a motion to dismiss the petition for failure to state a claim upon which habeas relief may be granted. (Resp't's Mot., ECF No. 26.

2

**III. DISCUSSION**

To the extent Petitioner attempts to raise the defense of entrapment to his offense of evading arrest, the claim is dismissed. Petitioner raises the same or similar claim in his pending federal-habeas petition in Civil Action No. 4:15-CV-618-A, wherein he challenges his 2011 conviction and sentence.

In addition, to the extent Petitioner challenges the appellate court's denial of his petition for writ of mandamus seeking recusal of appellate judges or asks the Court to grant, or compel the Texas Supreme Court to grant, him judgment notwithstanding the verdict based on "exceptional circumstances," the Court agrees with Respondent that Petitioner fails to state a claim cognizable in a federal habeas-corpus proceeding. *See Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied,* 518 U.S. 1022 (1996) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotes omitted); *Quince v. Crosby,* 360 F.3d 1259, 1261-62 (11th Cir.), *cert. denied,* 543 U.S. 960 (2004); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.), *cert. denied,* 493 U.S. 1012 (1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). The purpose of federal habeas review is to challenge the

3

petitioner's confinement itself, not to attack the state-court post-conviction and collateral proceedings. *Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir.), *cert. denied,* 534 U.S. 1001 (2001); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir.), *cert. denied,* 527 U.S. 1056 (1999).

## IV. CONCLUSION

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to state a claim upon which relief may be granted. A certificate of appealability is DENIED. Any pending motions, not previously ruled upon, are DENIED.

SIGNED October 1, 2015.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

4